N THE COMMONWEALTH COURT OF PENNSYLVANIA

Baytay, LLC, : 
        Appellant : 
  : 
  : 
v. : No. 264 C.D. 2022 
  : 
Northumberland County Tax : 
Claims Bureau : 

Baytay, LLC, : 
        Appellant : 
  : 
v. : No. 1012 C.D. 2022 
  : SUBMITTED:  July 5, 2024 
Northumberland County Tax : 
Claim Bureau : 
  : 
v. : 
  : 
Shamokin Area Economic : 
Development Authority : 

BEFORE:   HONORABLE ANNE E. COVEY, Judge
            HONORABLE STACY WALLACE, Judge
            HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                  **FILED:  August 28, 2024**

Baytay, LLC appeals from the order of the Court of Common Pleas of Northumberland County dismissing its petition to redeem its property and denying its petition to disapprove the private sale of the property to the Shamokin Area Economic Development Authority (Authority).  At issue is whether Baytay has the

right to redeem the property because notice of the upset sale was not properly given pursuant to the Real Estate Tax Sale Law (Law),[1] and whether Baytay can challenge the private sale. Upon review, we affirm.

Baytay, of which George Atiyeh is the sole principal, is the record owner of property located at 505 North Eighth Street in the City of Shamokin (City), Northumberland County. The property is improved with a residential brick building containing two apartments. That building is a duplex with the adjoining property, 503 North Eighth Street, owned by a different entity. The 503 North Eighth Street portion of the building is blighted, having sustained extensive fire damage years ago, including to its roof. Both properties have been unoccupied for years following the fire, without repair or restoration.

Baytay admittedly failed to pay taxes on the property and, therefore, the Northumberland County Tax Claim Bureau (Bureau) scheduled the property to be sold at an upset sale. The upset sale was initially scheduled for September 17, 2020, but was continued to October 15, 2020, due to COVID-19 exposure concerns. Baytay did not pay the delinquent taxes prior to the upset sale or attempt to repurchase the property at the upset sale. No bids were received and the property was not sold. Thereafter, the Bureau petitioned the trial court for confirmation of the upset sale. *See* Section 607 of the Law, 72 P.S. § 5860.607. The trial court ordered a decree nisi on October 30, 2020, and, with no objections or exceptions being filed, the rule and sale were made absolute on December 2, 2020. *See id.* The property was subsequently exposed to judicial sale in March 2021, but again did not sell. Sometime thereafter, the Bureau published notice that it proposed to sell the property to the Authority for one dollar plus demolition costs, if any.

---

[1] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101 – 5860.803.

On July 30, 2021, Baytay filed in the trial court both a petition to redeem the property and a petition to disapprove the private sale to the Authority. While the petitions were separately filed, they were later consolidated by the trial court. On February 25, 2022, following a single hearing and briefing, the trial court filed the order at issue here. The trial court explained that Baytay has no statutory right of redemption in the property because the upset sale was confirmed absolutely, and the notice provisions of the Law were satisfied. Moreover, Baytay had no right to purchase the property at a private sale and could not be considered a suitable entity, over the Authority, after allowing the property to deteriorate over at least five years prior to the upset sale. The appeals to this Court followed.[2]

At an upset sale where, as here, "there are no bids of the upset sale price, all rights in the property, i.e., legal title, are transferred from the owners of the property to the tax claim bureau, as trustee, by operation of law." *Rivera v. Carbon Cnty. Tax Claim Bureau*, 857 A.2d 208, 215 (Pa. Cmwlth. 2004) [quoting *Commonwealth v. Sprock*, 795 A.2d 1100, 1103 n.9 (Pa. Cmwlth. 2002)]. Because of this, "[o]nce the sale is confirmed absolutely, no right of redemption can exist in a former owner and the proceedings of the [b]ureau with respect to the sale shall not be inquired into judicially '*except* with respect to the giving of notice under the [Law.]'" *Rivera*, 857 A.2d at 216 [quoting Section 607(g) of the Law, 72 P.S. § 5860.607(g) (emphasis in *Rivera*)]. Therefore, the trial court correctly held that its review of Baytay's petition to redeem was limited to the notice requirements of the Law. While Section 602 of the Law requires notice by certified mail, posting on the property, and publication, only notice by publication is at issue here. 72 P.S. § 5860.602.

---

[2] The appeals were consolidated before this Court as they involve the same entities and essentially the same record, proceeding through a single hearing before the trial court.

3

Baytay's arguments regarding notice are intertwined.[3] It maintains that the upset sale conducted in October 2020 is invalid because it was not a date continued from a sale first scheduled no earlier than the second Monday of September and before October 1, as required by Section 601(a) of the Law, 72 P.S. § 5860.601(a). Baytay asserts that the initial upset sale date of September 17, 2020, was a "sham" as it was not properly publicized. Because of this, the Bureau was not statutorily authorized to continue the upset sale date to October 2020. Baytay asserts that the upset sale is therefore invalid, and the trial court erred in finding that it did not have a right to redeem the property. We disagree.

As Baytay points out, Section 601(a) of the Law does require that a tax claim bureau "schedule the date of the [upset] sale no earlier than the second Monday of September and before October 1[.]" 72 P.S. § 5860.601(a). However, that provision goes on to clearly state that "the [upset] sale may be adjourned, readjourned or continued. No additional notice of sale is required when the sale is adjourned, readjourned or continued if the sale is held by the end of the calendar year." *Id.* Here, the documentary evidence and testimony presented by the Bureau demonstrates that the upset sale was initially scheduled for September 17, 2020, within the time period required by Section 601(a) of the Law. Notes of Testimony (N.T.), Jan. 31, 2022 Trial Ct. Hr'g, at 16-18, 27.

Moreover, the record supports the trial court's determination that the upset sale was properly publicized. Section 602(a) of the Law provides that

> [a]t least thirty (30) days prior to any scheduled sale the bureau shall give notice thereof, not less than once in two (2) newspapers of general circulation in the county, if so many are published therein, and once in the legal journal, if any, designated by the court for the publication of legal

---

[3] We have paraphrased Baytay's arguments for clarity and ease of discussion.

> notices. Such notice shall set forth (1) the purposes of such sale, (2) the time of such sale, (3) the place of such sale, (4) the terms of the sale including the approximate upset price, [and] (5) the descriptions of the properties to be sold as stated in the claims entered and the name of the owner.

72 P.S. § 5860.602(a). Janel Barwick, the Bureau's director, testified that notice of the September 17, 2020 upset sale was properly publicized in *July 2020*, more than 30 days prior to the scheduled sale. N.T., Jan. 31, 2022 Trial Ct. Hr'g, at 16-18, 20. Pursuant to Section 601(a) of the Law, additional notice was not required when the upset sale was continued to October 2020 as the sale was ultimately held by the end of the calendar year. 72 P.S. § 5860.601(a). Regardless, the Bureau published notice of the October 2020 sale in the required newspapers and legal journal on September 12 and 13, 2020, more than 30 days prior to the rescheduled date. N.T., Jan. 31, 2022 Trial Ct. Hr'g, at 16. Given these facts, Baytay's arguments regarding notice lack merit and the trial court did not err in finding that Baytay had no statutory right of redemption. *See Rivera*; *see also Pacella v. Washington Cnty. Tax Claim Bureau*, 10 A.3d 422 (Pa. Cmwlth. 2010) (discussing *Rivera* and noting "property owner's right to redeem the property is extinguished at the conclusion of the actual sale even if no bid is made for the upset sale price," unless the sale is invalidated based upon improper notice).

Baytay also asserts multiple grounds upon which the proposed private sale to the Authority is unreasonable, including that the Authority could not articulate a productive reason why it wanted the property, the value of the property is much higher than the sale price of one dollar, and other willing competitive bidders existed. These arguments are inapposite as, again, Baytay's rights in the property were extinguished after the upset sale was confirmed as absolute. *See Pacella*; *Rivera*. Section 618(a) of the Law makes this clear, stating: "The owner shall have

5

no right to purchase the owner's property at a judicial sale, a private sale or from the bureau's repository for unsold property under the provisions of this act."  Added by the Act of July 3, 1986, P.L. 351, 72 P.S. § 5860.618(a).  *See also Rivera*, 857 A.2d at 217 ("once a property has been offered at private sale and a proposed purchaser has made an offer, the original property owner cannot thwart that sale by offering all back taxes and penalties.  That right [wa]s extinguished by the time the offer for the property was made") (internal citation omitted).

 While Baytay had no absolute right to purchase its own property, it was "wholly within the discretion of the taxing authorities" whether to accept or reject Baytay's proposed compromise of the unpaid taxes so long as they were paid in full. *Rivera*, 857 A.2d at 217.  *See also* Section 618(a.1) of the Law, 72 P.S. § 5860.618(a.1).  Director Barwick testified regarding multiple reasons not to allow Baytay to redeem the property, including the blight issue with the adjoining property, the amount of time the property has sat empty without repair, and the fact that Mr. Atiyeh and the entities that he controls have a history of properties going through the Bureau's repository.  *See* N.T., Jan. 31, 2022 Trial Ct. Hr'g, at 29-31.  We discern no abuse of discretion in the Bureau's decision.

 Accordingly, we affirm the trial court.

<br>

          _____
          **BONNIE BRIGANCE LEADBETTER,**
          President Judge Emerita

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Baytay, LLC,                                    :
        Appellant                            :
                                                :
        v.                                       :   No. 264 C.D. 2022
                                                :
Northumberland County Tax                       :
Claims Bureau                                   :

Baytay, LLC,                                    :
        Appellant                            :
                                                :
        v.                                       :   No. 1012 C.D. 2022
                                                :
Northumberland County Tax                       :
Claim Bureau                                    :
                                                :
        v.                                       :
                                                :
Shamokin Area Economic                          :
Development Authority                            :

## O R D E R

AND NOW, this 28th day of August, 2024, the order of the Court of Common Pleas of Northumberland County in these consolidated matters is hereby AFFIRMED.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita